■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THERESA D. GREENE, Appellant.— Judgment of conviction for assault in the third degree, rendered June 5, 1962, reversed on the law, the facts, and in the interest of justice, the sentence vacated, the proceedings remanded and a new trial ordered.

The record is not quite satisfactory. In the light of the wavering and incomplete testimony of the youthful complaining witness, much is left to speculation concerning the other participants in, and the details leading up to and during, the alleged assault. While a prima facie case was made out, more than perfunctory preparation and presentation of the case was required, in view of the bizarre nature of the case. On the other hand,. defendant's effort at trial, and now on appeal in her brief, to introduce unconnected extraneous issues was wholly unwarranted. A criminal case, even if it results only in a suspended sentence, warrants better handling by both the prosecutor and. defense counsel. Concur — Breitel, J. P., Valente and Stevens, JJ.; Rabin and McNally, JJ., dissent in the following memorandum by McNally, J.: The issue in this case arises from defendant's denial that she assaulted the infant plaintiff. There is little, if any, dispute concerning the facts leading up to the assault. The police were notified and the complainant was treated for extensive injuries at a hospital on the date of the assault. Defendant's claim that the accusation is false and the evidence against her perjurious is unsupported by this record. The record fails to demonstrate or to suggest any motive on the part of the witnesses for the prosecution for unjustly accusing defendant. It is my view that defendant's guilt has been established beyond a reasonable doubt. Accordingly, I dissent and vote to affirm the conviction.